AMZI T. DODD, appellant,

*v.*

ADELE LINDSLEY, respondent.

[Filed November 18th, 1898.]

Complainant was sole beneficiary of one-third of a bequest of $3,000 secured by a mortgage to executors, who were nominally trustees for that third interest only, but who really held it for all in interest. Partial payments were made on the mortgage, and it was subsequently canceled, and another for $1,500 was given to said executors.—*Held*, in an action to recover the amount of the latter mortgage for failure to record it, that it would not be presumed that the complainant was entitled to more than a third thereof, although the other legatees, after being notified of the action, asserted no claim.

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *Lindsley* v. *Dodd, 8 Dick. Ch. Rep. 69.* The decree there advised was reversed because of a defect of parties (*Dodd* v. *Lindsley, 8 Dick. Ch. Rep. 562*), but the defect having been remedied the parties stipulated that the evidence in the cause should stand, and, without further hearing, a new decree in accordance with said opinion was advised and signed. The present appeal is from that decree.

*Mr. Alfred F. Skinner,* for the appellant.

*Mr. James E. Howell,* for the respondent.

The opinion of the court was delivered by

COLLINS, J.

We agree with the learned vice-chancellor that the appellant is liable to the respondent, but not to the extent decreed. The reasons given for declaring such liability are satisfactory and we adopt them as expressing the views of this court. This opinion will be confined to a statement of the reasons for our modification of the decree, on the facts recited by the vice-chancellor and

such further facts as will be hereinafter stated. The vice-chancellor directs payment to the respondent, as sole surviving legatee of Stephen H. Dodd, deceased, of all of the principal of the mortgage of November 28th, 1873, for $1,500, given by Isaac L. Van Orden and wife to Stephen H. Dodd's executors. The ground assigned for this judicial action is that the mortgage, *prima facie*, represented assets of Stephen H. Dodd's estate and no counter-proof was offered. We think that it was clearly shown by necessary implication that this mortgage was a substitution for the mortgage for $3,000 given by Van Orden to Stephen H. Dodd's executors for the benefit of Samuel T. Dodd's widow and heirs-at-law on March 23d, 1858, and canceled on the day the new mortgage was delivered. Stephen H. Dodd left no estate except that derived from Samuel T. Dodd. Van Orden, two days before he gave the new mortgage, gave to Eliza Dodd, Samuel's widow, in consideration of her release of her dower in the property conveyed to him by Samuel's and Stephen's executors, his personal bond to furnish her with support and maintenance should the interest she was entitled to receive from "said executors" prove insufficient. We entertain no doubt that the $1,500 secured represented the half of Samuel's bequest of $3,000 to his heirs-at-law that was to be withheld from division during the widowhood of his wife, and that all of the bequest except $1,500 had been paid. The vice-chancellor concedes this, but thinks that in some unexplained way the beneficial interest in such residue of the bequest may have become vested wholly in the estate of Stephen, although the bequest was to all of Samuel's heirs. These heirs were seven children, of whom Stephen was one. One son died *intestate* in Stephen's lifetime and another conveyed his interest to Stephen, who thus became entitled to a third of the bequest. No reason appears why his estate should become entitled to a half. The original mortgage as well as the new one was taken in the name of Stephen's executors. That the substituted one for the sum remaining due was drawn for a fixed term instead of during the widowhood of Eliza Dodd is a circumstance of little evidential value. It may have been thought desirable to compel prompt

payment from Van Orden. The personal bond he gave to Eliza indicates that she was to get the interest from the investment, and the vice-chancellor himself assumes such to be the case, for he assigns that fact as an excuse for Stephen's beneficiaries not pressing their claims during her lifetime. We see nothing in the evidence to indicate that Stephen ever became entitled to more than a third of the $3,000. He did not avail himself of his right to a conveyance of Samuel's residuary real estate, and his advances for debts seem to have been paid to his executors by Van Orden when he took a conveyance of the unsold lands and assumed the $3,000 bequest. It is incredible that an accounting would bring due to Stephen's estate the exact sum reserved for the use of Samuel's widow. There is no reason for assuming that the other beneficiaries of the $3,000 mortgage had absorbed Van Orden's payments to the exclusion of Stephen's estate. Their release was only evidence of their willingness to perfect title and proves no more than the release from Stephen's devisees recorded with it. The consideration stated in the document proves nothing and is a sum less than their share. If they did release their share of the bequest that would not increase the share of Stephen's estate. Their release bears date in 1858 (although not recorded till 1873), and there is evidence of equal dividends on all the shares as late as 1861, with others in anticipation. The circumstances so plainly show that the mortgage in question represented $1,500 due the heirs of Samuel after his widow's interest therein should cease, that we cannot conjecture that in some obscure way Stephen's estate has become entitled to it all. Nor can we even give respondent Stephen's share of the original $3,000, for the proof shows some payments on account. The only safe presumption is that the mortgage stood for the benefit of all the beneficiaries under the $3,000 mortgage, and on that presumption we award the share due Stephen's estate to his surviving legatee.

Let the decree be reversed and modified so as to direct payment to the respondent by the appellant of $500 and interest, from October 10th, 1892, the date of the death of Stephen's widow, who was entitled to the interest during her life.

Dodd v. Lindsley.

MAGIE, C. J. (dissenting).

Appellant's ancestor, Calvin Dodd, was executor of Stephen H. Dodd, deceased, and neglected to record a mortgage made to him to secure the payment of money which was or might become assets of Stephen's estate. By that neglect the money was lost. Respondent is a beneficiary under Stephen's will.

Calvin Dodd's estate, which has come to appellant by will, was not increased in amount or enhanced in value by reason of Calvin's misconduct. There is no ground to claim that equity should require appellant to surrender property received by him from his ancestor because his ancestor acquired it by fraud.

It is the ordinary case of waste committed by an executor. For such waste an action against the executors and administrators of the defaulting executor was expressly given by section 3 of the "Act concerning executors and the administration and distribution of intestates' estates," passed March 2d, 1795. *Rev. L. p. 174.* The provisions of that section have continued in our legislation to this day and are now contained in section 6 of the act of like title. *2 Gen. Stat. p. 1426.*

By the same legislation an action was expressly given against executors or administrators for the torts of the testator or intestate.

Since 1797 heirs and devisees have been, by statute, made liable to actions by creditors of the testator or the intestate ancestor.

But no legislation has ever imposed upon heirs or devisees or legatees a liability to actions for waste or torts committed by the ancestor or testator. No such liability existed at common law, and I cannot concur in the notion that it can be imposed by a court in the absence of legislation.

Whether, when a judgment has been recovered at law in an action against a personal representative for the waste or tort of the testator or intestate, and there is a deficiency of personal assets, lands descended or devised may be resorted to to satisfy the judgment, otherwise than by an order for sale obtained in the orphans court, need not be considered. The doctrine of *Houston* v. *Levy, 17 Stew. Eq. 6,* is novel, and I think the case

22

stands alone, but, if sound, it is inapplicable here because no judgment was ever recovered at law.

Nor is there any ground to claim that a trust relation was created, for if Calvin had collected the money on the mortgage it would have been merely assets in his hands for the payment of debts and for distribution.

For this reason I am constrained to vote to reverse.

*For reversal and modification*—COLLINS, DEPUE, DIXON, LIPPINCOTT, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON, VREDENBURGH—10.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, LUDLOW—3.

*For affirmance*—None.